UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON LEONARD SCHOFIELD,

    Plaintiff,

v.                                        Case No. 8:18-cv-1852-T-02AAS

RICK SCOTT, et al.

    Defendants.
_____/

## ORDER

Preston Schofield, proceeding pro se, moves for various relief.[1] (Doc. 7). The court will address each of Mr. Schofield's requests in turn.

    1.    <u>Request for Court-Appointed Attorney</u>

Mr. Schofield requests a court-appointed attorney. (*Id.* at 1). Plaintiffs in civil cases have no constitutional right to an attorney. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). That said, the court may appoint counsel for an indigent plaintiff in exceptional circumstances. 28 U.S.C. § 1915(e)(1); *Bass*, 170 F.3d at 1320 (citation omitted). Exceptional circumstances exist when the facts and legal issues are novel and complex. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). When the facts and

---

[1] Most of Mr. Schofield's fifty-one-page motion (which includes a proposed mandate from the United Nations Commission on Human Rights) and four-page affidavit is unintelligible. (Doc. 7). The three requests the court addresses are those included on the first two pages of Mr. Schofield's motion. (*Id.* at 1–2).

1

issues are simple, the plaintiff usually needs no court-appointed attorney. *Kilgo*, 983 F.2d at 193. The key is whether the plaintiff needs help presenting the essential merits of his position to the court. *Id.*

Court-appointed counsel is usually unnecessary in Section 1983 actions when the core facts of the case are undisputed and the legal claims straightforward. *Bass*, 170 F.3d at 1320 (footnote omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (affirming district court's decision to deny court-appointed counsel in Section 1983 action because issues were neither novel nor complex).

Mr. Schofield's original complaint failed to comply with the Federal Rules of Civil Procedure. For that reason, the undersigned ordered Mr. Schofield to amend his complaint by October 5, 2018. (Doc. 5). The content of Mr. Schofield's original complaint, however, does not indicate his claims are either novel or complex because his claim appears to be the State of Florida violated his constitutional rights by allegedly garnishing his disability payments. Because these claims do not constitute the requisite exceptional circumstances for appointing counsel in a civil case, Mr. Schofield's request for court-appointed counsel is denied.

    2.    <u>Request for Writ of Prohibition</u>

Mr. Schofield requests "an immediate writ of prohibition against the defendants from illegally seizing petitioner's assets." (Doc. 7, p. 1). A writ of prohibition is "an extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from

exercising a power." *Black's Law Dictionary* 1405 (10th ed. 2014); *Ex Parte Easton*, 95 U.S. 68, 77 (1877).

In this case, the court is not performing appellate review of any lower court's exercise of jurisdiction. It is also unclear which nonjudicial officer or entity Mr. Schofield wishes to prevent from exercising power based on his original complaint or current motion. Therefore, Mr. Schofield's request for writ of prohibition is denied.

    3.    <u>Motion for Reconsideration of Court Order</u>

Mr. Schofield moves for "reconsideration of Court's order not granting petitioner's request for discovery from the defendant." (Doc. 7, p. 1).

The only substantive order previously entered in this case is the undersigned's Order requiring Mr. Schofield to amend his complaint to conform with the Federal Rules of Civil Procedure. (Doc. 5). The court entered no order on Mr. Schofield's ability to engage in discovery. That said, to the extent Mr. Schofield included requests for discovery among the requested relief in his original complaint, he must exclude discovery requests from his amended complaint and instead await the court's determination on whether his cause of action is frivolous, malicious, fails to state a claim, or requests monetary relief from a defendant immune from such relief under 28 U.S.C. Section 1915(e)(2)(B).

Because the court entered no discovery order for it to reconsider, Mr. Schofield's motion for "reconsideration of Court's order not granting petitioner's request for discovery from the defendant" is denied.

* * *

Again, the court encourages Mr. Schofield to consult the "Proceeding Without Lawyers" guidelines on the court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers. Also, as indicated in the court's prior order, the Tampa Bay Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the second floor of the Sam M. Gibbons United States Courthouse (801 North Florida Avenue, Tampa, Florida). Through that program, pro se litigants may consult with a lawyer on a limited basis for free.

The following is therefore **ORDERED**:

1. Mr. Schofield's motion (Doc. 7) is **DENIED** as follows:

    a. Mr. Schofield's motion for court-appointed counsel is **DENIED**.

    b. Mr. Schofield's request for writ of prohibition is **DENIED**.

    c. Mr. Schofield's motion for reconsideration is **DENIED**.

2. Consistent with the undersigned's previous Order dated September 10, 2018, Mr. Schofield must submit an amended complaint that complies with the Federal Rules of Civil Procedure by **October 5, 2018**. Failure to do so will result in the undersigned recommending his case be dismissed.

**ENTERED** in Tampa, Florida on October 1, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc: Preston Leonard Schofield